UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>— against —<br><br>ANTON WILLIAMS,<br><br>Defendant. | 18-cr-657 (ARR)<br><br>**Opinion & Order**<br><br>**Not for electronic or print publication** |

ROSS, United States District Judge:

Anton Williams objects to the Probation Department's determination that he qualifies for a sentencing enhancement under the Armed Career Criminal Act ("ACCA"). For the following reasons, Williams' objection is without merit.

## BACKGROUND

On December 7, 2018, Williams was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See* Indictment, ECF No. 5. Williams pled guilty on February 4, 2019. *See* Crim. Cause for Pleading, ECF No. 10. Williams' plea agreement states that he is not subject to a mandatory minimum term of imprisonment and that he faces a maximum term of ten years' imprisonment. *See* Plea Agreement 1. I advised Williams of the terms of his plea agreement at his plea hearing. *See* Gov't Letter 2, ECF No. 18.

After the plea hearing, the Probation Department concluded that, based on Williams' criminal history, he qualifies for a sentencing enhancement under the ACCA. *See id.*; *see also* Presentence Investigation Report ("PSR") ¶ 9, ECF No. 16. Under the ACCA, an individual who violates § 922(g) is subject to a 15-year mandatory minimum sentence if that individual "has

1

three previous convictions . . . for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In March and April of 2015, Williams "participated in several incidents which were consolidated into two indictments, and ultimately, a single disposition." PSR ¶ 27. The first indictment charged Williams with a robbery in the second degree (from March 20, 2015), while the second indictment charged Williams with another robbery in the second degree (from March 26, 2015) and an attempted robbery in the second degree (from April 1, 2015). *See id.* Williams was convicted of the three robberies in Kings County Supreme Court, and on August 21, 2015, he was sentenced to 42 months on each count to run concurrently. *See id.*; *see also* Gov't Letter 2–3. The Probation Department determined that the three robberies constituted three previous violent felony convictions under § 924(e), subjecting Williams to the 15-year mandatory minimum. *See* PSR ¶ 9. The government agreed and asked the court to "schedule a supplemental plea hearing to advise the defendant of the additional potential consequences of his guilty plea, and to determine whether the defendant intends to persist in that plea in light of those consequences." Gov't Letter 1.

On August 2, 2019, the defendant submitted a letter to this court objecting to the Probation Department's conclusion that he is required to receive a sentencing enhancement under the ACCA. *See* PSR Objection, ECF No. 23. Williams does not dispute that each of his state court robbery convictions meets the definition of a "violent felony" under 18 U.S.C. § 924(e)(2), but he argues that the "three convictions . . . only qualify as one conviction for ACCA purposes." *Id.* at 1. The government opposes the defendant's objection. *See* Gov't Opp'n, ECF No. 24. For the reasons stated below, Williams qualifies for the sentencing enhancement.

## DISCUSSION

Williams is subject to a 15-year mandatory minimum sentence if he has "three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year." *Id.* § 924(e)(2)(B). Federal courts look to "the law of the jurisdiction in which the proceedings were held" to determine what qualifies as a prior violent felony conviction. *Id.* § 921(a)(20). Accordingly, I must look to New York law to determine whether Williams' robbery convictions constitute three previous violent felonies under the ACCA.

Under New York's recidivist statute, an individual can receive an enhanced sentence if he meets the definition of a "persistent felony offender." N.Y. Penal Law § 70.10(2) (McKinney 2019). A persistent felony offender is one who has been previously convicted of two or more felonies. *See id.* § 70.10(1)(a). In determining whether an individual has been convicted of two or more felonies, each prior sentence counts as only one conviction. *See id.* § 70.10(1)(c); *see also People v. Morse*, 62 N.Y.2d 205, 221–22 (1984). Williams argues that, because his August 21, 2015 sentence would constitute one prior conviction under New York's recidivist statute, it should count as one prior conviction under the ACCA. *See* PSR Objection 3. But Williams is being sentenced under federal law, not state law. While I must look to New York law to determine whether Williams' prior state convictions constitute a "crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 921(a)(20), how his prior convictions would be evaluated for the purposes of applying New York's recidivist statute is simply not relevant here. As there is no dispute that Williams' 2015 robberies are violent felonies, the only question before me is whether they constitute three separate convictions, which they do. *See* N.Y. Crim. Proc. Law § 1.20(13) (McKinney 2019) ("'Conviction' means the entry of a plea of

guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument."); *see also id.* § 1.20(1) (defining "accusatory instrument" to include an indictment).

Defendant relies on *United States v. Sellers*, 784 F. 3d 876 (2d Cir. 2015) to support his argument that his 2015 robbery convictions should count as one conviction. *See* PSR Objection 2–3. *Sellers*, however, is distinguishable. There, the Second Circuit looked to New York law to determine whether one of Sellers' prior convictions had been "set aside," as a conviction that has been "set aside" is not a prior conviction under the ACCA. *See Sellers*, 784 F. 3d at 882–87 (concluding that a New York youthful offender ("YO") adjudication was not a prior conviction under the ACCA because a YO adjudication vacates a conviction under New York law). While *Sellers* confirms that I "must follow New York law to determine whether [a] conviction has been 'set aside' or whether it qualifies as a predicate conviction under the ACCA," *id.* at 885, it does not hold that I must consider how Williams' state convictions would be treated for the purposes of being sentenced under New York law. Because Williams was convicted of three separate violent felonies as defined by New York law, he is subject to the ACCA's sentencing enhancement.

**CONCLUSION**

For the reasons stated in this opinion, a conference will be scheduled to permit Williams to withdraw his guilty plea or conduct a supplemental plea hearing advising him of the applicable mandatory minimum. *See* Fed. R. Crim. P. 11(b)(1)(H), (I) ("Before the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands . . . any maximum penalty . . . [and] any mandatory minimum penalty.").

SO ORDERED.

                                                                          _____/s/_____
                                                                          Allyne R. Ross
                                                                          United States District Judge

Dated:     August 16, 2019
                Brooklyn, New York